# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **ALFREDO DE LA LUZ,** | CASE NO. 1:19 CV 910 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| | **OPINION AND ORDER** |
| **WILLOUGHBY HILLS POLICE DEPT.,** | |
| Defendant. | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Alfredo de la Luz filed this action under 42 U.S.C. § 1983 against the Willoughby Hills Police Department. In the Complaint, Plaintiff alleges he was arrested for trespass and obstruction of official business. He contends he was not told the reason for his arrest and was not read his Miranda rights. He contends the officers placed him in handcuffs and drove recklessly on the way to the police station. He asserts claims for use of excessive force and defamation. He seeks monetary and expungement of his criminal record.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc No. 2). That Application is granted.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon

which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

As an initial matter, the Willoughby Hills Police Department is not *sui juris,* meaning it is merely an arm of the City, and not its own legal entity capable of bringing its own lawsuit or being sued. *Hale v. Vance*, 267 F.Supp.2d 725, 737 (S.D.Ohio 2003). Plaintiff's claims against

-2-

the police department are liberally construed as asserted against the City of Willoughby Hills.

Plaintiff cannot sue a local government entity under 42 U.S.C. § 1983 solely for the actions of its employees on the theory *of respondeat superior*. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692- 94 (1978). Plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. *Id*. A local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id*. A "municipal policy" includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated." *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690). A "custom" for purposes of *Monell* liability must "be so permanent and well-settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691. It must reflect a course of action deliberately chosen from among various alternatives. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985). In short, a "custom" is a legal institution not memorialized by written law. *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993). To state a claim for relief against a municipality under § 1983, Plaintiff must: (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). The Plaintiff does not identify a custom or policy of the City of Willoughby Hills that caused him injury. Instead, his allegations center on the actions of individual officers. This will not support a claim against the City under § 1983.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to

-3-

28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

                                          s/ Christopher A. Boyko
                                          CHRISTOPHER A. BOYKO
                                          UNITED STATES DISTRICT JUDGE

DATED: July 15, 2019

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.